UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON COX, | ) | 1:12-cv-01682 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | (Doc. 1) |
| COPENHAVEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b). (ECF No. 3.)

Petitioner filed the instant petition for writ of habeas corpus on October 12, 2012. (Pet., ECF No. 1.) On January 23, 2001, Petitioner was convicted by a jury in the United States District Court for the District of Connecticut of one count of conspiracy to possess with intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(iii), six counts of possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c). See United States v. Cox, 2009 U.S. Dist. LEXIS 85585 (D. Conn., Sep. 14. 2009). On May 17, 2001, Petitioner was

sentenced to a total of 420 months of imprisonment. Id. On March 19, 2003, on direct appeal, the Second Circuit affirmed Petitioner's conviction and sentence. Cox v. United States, 2006 U.S. Dist. LEXIS 26659, 3-4 (D. Conn. May 5, 2006). Subsequently, Petitioner challenged his conviction and sentence in the trial court, which denied Petitioner's the motion for writ of habeas corpus on May 5, 2006. Id. Petitioner further sought a motion for reduction of sentence which was denied by the trial court on September 11, 2009.

In the present petition, Petitioner claims that his conviction should be vacated based on improper jury instructions and ineffective assistance of counsel. Petitioner further claims that he is actually innocent of the conviction of the greater amount (50 grams) of cocaine base, and should have been convicted of a lesser included offense instead.

## I.    SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.

1 Hendricks v. Vasquez, 908 F.2d at 491.

2 Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.     JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to

1  render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears
2  of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,
3  250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden
4  is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United
5  States, 315 F.2d 76, 83 (9th Cir. 1963).

      The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

      In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

### III.  SUCCESSIVE § 2255 MOTIONS

      Instead, of attempting to file a second or successive § 2255 motion, Petitioner has filed the instant § 2241 motion. Under the AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner has not attempted to file a § 2255 motion. Accordingly, it is not possible to determine if Petitioner remedies under § 2255 are inadequate or ineffective to test the validity of his detention. In the present motion, Petitioner has presented a claim of actual innocence, which if found sufficient by the appropriate Court of Appeals, would allow Petitioner to present his claims by way of a § 2255 motion.

///

## IV.     ESCAPE HATCH UNDER § 2241

Even if Petitioner is unable to meet the statutory requirements for filing a successive § 2255 motion, it does not automatically render the remedy under § 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the Court of Appeals would refuse to certify a second or successive motion under § 2255, Petitioner's argument fails. § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 as he neither show that (1) his claim qualifies as one of actual innocence, or (2) he was denied an 'unobstructed procedural shot' at presenting that claim. Stephens, 464

F.3d at 898. First, Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954.

In this case, Petitioner's claim of innocence is without merit. He claims that he should have been convicted of a lesser offense instead. Petitioner already raised the claim, which was denied on appeal:

> Here, based on the evidence adduced at trial, the jury found Cox guilty of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base. Because Cox had a prior felony drug conviction, he faced a statutory maximum sentence of life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii). At sentencing, this court determined that Cox had distributed more than 1.5 kilograms of cocaine base and also that he had a leadership role in the offense. Based on these factors and on Cox's criminal history, the court calculated an appropriate sentencing range under the guidelines and imposed a sentence within that range. Because the sentence the court imposed did not exceed the statutory maximum of life, there was no violation of <u>Apprendi</u>.

<u>Cox v. United States</u>, 2006 U.S. Dist. LEXIS 26659 (D. Conn. May 5, 2006). Accordingly, Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty of underlying convictions of conspiracy to possess with intent to distribute more than fifty grams of cocaine base and possession with intent to distribute and distribution of crack cocaine. Petitioner cannot show that he is actually innocent.

Furthermore, Petitioner cannot show that he was denied the opportunity of having an "unobstructed procedural shot" of presenting the claim by way of a § 2255 motion. <u>See</u> <u>Stephens</u>, 464 F.3d at 898; <u>Harrison v. Ollison</u>, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision."). Petitioner has not shown

that the claim could not have been filed in an earlier petition. Petitioner has filed multiple motions for post conviction relief, and has not shown why his claims could not have been brought earlier. Based on the procedural history as described, Petitioner has failed to show that he was denied the opportunity of an unobstructed procedural shot of presenting his claim.

Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## V.     CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby declines to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: May 7, 2013                    /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE