IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON COX,**<br><br>                              Petitioner,<br><br>      v.<br><br>**COPENHAVEN, Warden,**<br><br>                              Respondent. | 1:12-cv-01682 MJS HC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(Doc. 11)** |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On May 7, 2013, the undersigned denied the petition on the merits. On July 25, 2013, Petitioner filed a motion to vacate his conviction and for the Court to issue a Certificate of Appealability. As the Court has already ruled on the merits of the petition, the Court shall construe the filing as a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

    Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Petitioner does not set forth any arguments or evidence not already considered by this Court. Petitioner simply argues once again that he is actually innocent of the charges and that the drug enhancements were improper.

The Court previously addressed Petitioner's arguments raised in the motion for consideration. Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. Furthermore "'actual innocence' means factual innocence, not mere legal insufficiency." Id. Here, Petitioner present claims of innocence based on improper jury instructions, rather than factual claims that he did not commit the crime. Petitioner's arguments are insufficient and present no basis for the Court to reconsider its order. Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   October 30, 2013        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE